IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAN WANG and WEIPING XIE,

        Plaintiffs,

v.

BANK OF AMERICA, N.A.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
(aka "MERS"), ACCESS
NATIONAL MORTGAGE, INC.,
BAC HOME LOANS SERVICING,
LP f.k.a. COUNTRYWIDE HOME
LOANS SERVICING LP,
FEDERAL NATIONAL
MROTGAGE ASSOCIATION, and
McCURDY & CANDLER, LLC,

        Defendants.

1:13-cv-2711-WSD

## OPINION AND ORDER

This matter is before the Court on Mortgage Electronic Registration Systems, Inc. ("MERS"), Federal National Mortgage Association ("Fannie Mae"), and Bank of America, N.A, individually and as successor by merger to BAC Home Loans Serving, LP f/k/a Countrywide Home Loans Serving, LP's, ("BANA") (collectively, "Defendants") Motion for Judgment on the Pleadings [4]. Plaintiffs

Dan Wang ("Wang") and Weiping Xie ("Xie") (together, "Plaintiffs") did not respond to Defendants' motion.

## I. BACKGROUND

On February 14, 2007, Xie[1] obtained a loan in the amount of $286,700 from Access National Mortgage, Inc. ("ANM"). (Compl. [1.1 at 4-23] ¶ 7, 12). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 1035 Hampton Street NW, Atlanta, Georgia (the "Property"). (Id. ¶¶ 7, 12, 32 & Ex. B). Under the terms of the Security Deed, Xie granted to "MERS (solely as nominee for [ANM] and [ANM's] successors and assign) and to the successors and assigns of MERS" the Property, with the power of sale. (Id.).

On June 28, 2010, MERS assigned its interest in the Security Deed ("Assignment") to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BACHLS"). (Id. ¶ 33 & Ex. C).

On July 1, 2011, BACHLS merged into BANA. (Id. ¶ 3).[2]

On August 3, 2011, McCurdy & Candler, LLC ("McCurdy"), on behalf of BANA, sent Xie a letter stating that Xie had defaulted on her loan obligations, that the entire balance of the loan was due immediately, and that the Property was

---

[1] Plaintiffs state that Wang is married to Xie and lists them both as Plaintiffs. (Compl. ¶ 1). Xie is the only borrower listed on the Security Deed. (Id. at Ex. B).
[2] See also http://www.occ.gov/static/interpretations-and-precedents/jul11/ca 1003.pdf (last visited June 24, 2014).

scheduled to be sold at foreclosure on the first Tuesday in September, 2011. (Id. ¶ 34, 41 & Ex. A).

On September 6, 2011, BANA conducted a foreclosure sale of the Property at which BANA was the highest bidder. (Id. ¶ 16, 41). Also on September 6, 2011, BANA executed a Special Warranty Deed conveying the Property to Fannie Mae [1.2 at 53-54]. At some point, Fannie Mae filed a dispossessory action against Xie in the Magistrate Court of Fulton County, Georgia, and was granted a Writ of Possession for the Property. (Compl. ¶ 22).

After Fannie Mae was granted a Writ of Possession, Wang was arrested and indicted on February 28, 2012, in Fulton County Superior Court, on one charge of burglary for attempting to remove items from the Property. Id. ¶ 38 & Ex. I). On July 20, 2012, the Fulton County Superior Court entered an order of *nolle prosequi*, dismissing the criminal case against Wang. (Id. ¶ 39 & Ex. J).

On September 9, 2012, Plaintiffs, represented by counsel, filed their Complaint in the Superior Court of Fulton County, Georgia, alleging claims against Defendants and McCurdy for wrongful foreclosure, breach of the duty of good faith and fair dealing, fraud, surprise as a form of fraud, false imprisonment, unjust enrichment and punitive damages.

On July 16, 2013, the Superior Court of Fulton County dismissed McCurdy from the Fulton County Action. (Mot. for J. on the Pleadings at Ex. C).

On August 14, 2013, Defendants removed the Fulton County Action to this Court based on diversity of citizenship. (Notice of Removal [1]).

On October 15, 2013, Defendants filed their Motion for Judgment on the Pleadings [4]. Plaintiffs did not respond to Defendants' motion. Pursuant to Local Rule 7.1B, the Court deems Defendants' Motion for Judgment on the Pleadings unopposed.

## II.   DISCUSSION

### A.   Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the

4

pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

In considering a motion for judgment on the pleadings, the allegations contained in the complaint must be accepted as true and the facts and all inferences must be construed in the light most favorable to the nonmoving party.  See Scottsdale Ins. Co. v. Pursley, 450 F. App'x 888, 890 (11th Cir. 2012); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557).

    B.    Analysis

        1.    Wrongful Foreclosure

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a

causal connection between the breach of that duty and the injury it sustained, and damages." All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGoyler v. Green Tree Serv., LLC, 662 S.E. 2d 141, 147 (Ga. Ct. App. 2008) (quoting Brown v. Freedman, 474 S.E. 2d 73, 75 (Ga. Ct. App. 1996)). Plaintiffs appear to assert that BANA lacked standing to foreclose on the Property.

It is undisputed that Xie executed the Security Deed and granted to MERS, as nominee for ANM's successors and assigns, title to the Property, with the power of sale. On June 28, 2010, MERS assigned its rights under the Security Deed to BACHLS. On July 1, 2011, BACHLS merged into BANA. As a result of the merger, by operation of law, BANA acquired the assets, rights and liabilities of BACHLS, including the Security Deed. See, e.g., Nat'l City Mortg. Co. v. Tidwell, 749 S.E.2d 730, 733 (Ga. 2013) (citing O.C.G.A. §§ 7-1-536, 14-2-1106; 12 U.S.C. § 215a(e)) (in a merger, the receiving entity is deemed to be the same corporation as each bank participating in the merger, and all rights and interests of the merging banks are transferred to the receiving bank by virtue of the merger and

without any other transfer).  BANA is thus entitled to exercise the power of sale in the Security Deed.[3]

Plaintiffs next argue that BANA lacked standing to foreclose on the Property because it is not the holder of the Note and is not the "secured creditor."  The Supreme Court of Georgia has expressly rejected this argument and held that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013); see also Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure.").[4]  Plaintiffs cannot state a viable claim for relief based on BANA's

---

[3] This is further supported by O.C.G.A. § 23-2-114, which provides that, "[u]nless the instrument creating the power specifically provides to the contrary, a . . . successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor may exercise any power therein contained."  O.C.G.A. § 23-2-114.

[4] To the extent Plaintiffs also argue that the Notice of Foreclosure Sale was defective because it fails to identify the secured creditor, Georgia law requires only that a foreclosure notice identify the individual or entity with the full authority to negotiate, amend, and modify the terms of a plaintiff's loan.  See O.C.G.A. § 44-14-162.2(a); You, 743 S.E.2d 433.

alleged lack of authority to foreclose on the Property.[5]

Finally, Plaintiffs cannot state a claim for wrongful foreclosure because they do not allege, and it does not appear, that Xie is current on her loan obligations. Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure. See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); Sellers v. Bank of Am., N.A., No. 1:11-cv-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (while plaintiffs alleged that defendants lacked authority to foreclose, plaintiffs failed to allege sufficient facts to show that they suffered any damage as a result). Plaintiffs' claim is required to be dismissed for this additional reason.

---

[5] Insofar as Plaintiffs base their claims for wrongful foreclosure, breach of the duty of good faith and fair dealing, fraud, false imprisonment, unjust enrichment and punitive damages on Defendants' alleged lack of authority to foreclose on the Property, these claims are required to be dismissed.

        2.     <u>Breach of the Duty of Good Faith and Fair Dealing</u>

Plaintiffs conclusorily allege that Defendants breached their duty of good faith and fair dealing. "Although a duty of good faith and fair dealing is implied in every contract, this duty is contractual in nature and does not ordinarily give rise to tort liability." <u>ServiceMaster Co., L.P. v. Martin</u>, 252 Ga. App. 751, 756 (2001). Plaintiffs fail to allege facts to support that Defendants owed Plaintiffs a duty independent of those created by the Security Deed. <u>See</u> <u>id.</u> ("While [a defendant] could be held liable in tort if, in addition to violating a contract obligation, it also violated a duty, independent of contract, to avoid harming him, [plaintiff] does not specify facts which would support a finding that [defendant] owed him any duty independent of those created by the written employment contract); <u>see also</u> <u>Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.</u>, 426 F. Supp. 2d. 1356, 1370 (N.D. Ga. 2006) ("General allegations of breach of the implied duty of good faith and fair dealing not tied to a specific contract provision are not actionable."). Plaintiffs' claim for breach of the duty of good faith and fair dealing is required to be dismissed.

        3.     <u>Fraud and Surprise as a Form of Fraud</u>

In Georgia, a plaintiff alleging fraud must establish five (5) elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act

9

or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff."

Baxter v. Fairfield Fin. Servs., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010).

Rule 9(b) of the Federal Rules of Civil Procedure further requires plaintiffs alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  The Eleventh Circuit has consistently held:

> To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Thomas v. Pentagon Federal Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) (mortgagor failed to allege facts with sufficient particularity to state fraud claim against mortgagee where he did not identify any specific statements made by mortgagee and failed to identify time and place of an omission, person responsible for making an omission, and what mortgagee obtained as a consequence of fraud); see also Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008).

Plaintiffs assert that they were falsely advised at closing that they were granting a security interest to Countrywide; that they were not told about the Assignment; that BANA misrepresented that it had the authority to negotiate the loan; that they were not aware of the "arrangements" between BANA, BACHLS or

Countrywide Home Loans Servicing "as these secretive agreements came as complete surprise;" that BACHLS or Countrywide misrepresented that they were Plaintiffs' secured creditor; that Defendants' "action of forcing plaintiff's [sic] to continue to pay after the novation or change to [BACHLS] [w]as fraudulent;" that Defendants "orchestrated departure from the terms of the contract;" and that Defendants breached their duty of good faith and fair dealing.  (Compl. ¶¶ 60, 63).

Plaintiffs' fraud allegations are conclusory and unsupported by the record. Plaintiffs fail to allege who made the alleged misrepresentations, when they were made, or what Defendants gained by allegedly making them.  Plaintiffs further fail to allege that they relied upon a false representation, or that such reliance was justifiable.  Plaintiffs do not allege any action they took, or refrained from taking, in response to an allegedly false representation by Defendants.  Plaintiffs have not pled the five elements of fraud with the specificity required under Rule 9 of the Federal Rules of Civil Procedure and they otherwise fail to state a claim for fraud under Georgia law.  Plaintiffs' fraud claims are required to be dismissed.

      4.     <u>False Imprisonment</u>

Under Georgia law, "[f]alse imprisonment is the unlawful detention of the person . . . for any length of time, whereby such person is deprived of his personal

liberty." O.C.G.A. § 51-7-20. "The essential elements of the claim are the arrest or detention and the unlawfulness thereof." Kline v. KDB, Inc., 673 S.E.2d 516, 518 (Ga. Ct. App. 2009). A person who "merely relays facts to an official who then makes an independent decision to arrest . . . does not result in liability." Adams v. Carlisle, 630 S.E.2d 529, 541 (Ga. Ct. App. 2006).

Plaintiffs assert that "Defendants caused Plaintiff Dan Wang to be imprisoned . . . and charged with the criminal offense of [b]urglary as he was interrupted while moving his own stored items of personalty from his own locked storage room at the [Property]," and that "it was erroneous from inception and not worthy of prosecution" because the district attorney and judge "agreed to Nolle Prosque [sic] the matter." (Compl. ¶¶ 66, 67). Plaintiffs fail to allege how Defendants allegedly caused Wang's arrest, and that it occurred after the Property was sold at foreclosure supports that Wang lacked authority to enter or remove any items from the Property. See Adams, 630 S.E.2d at 541; O.C.G.A. § 16-7-1 ("A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another . . . ."); O.C.G.A. § 14-44-60 ("[T]he conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance

was made to secure shall be fully paid . . . with the right reserved by the grantor to have the property reconveyed to him upon the payment of the debt. . . ."); Cummings v. Johnson, 129 S.E.2d 762 (Ga. 1963) (valid foreclosure of a security deed vests legal title in the purchaser and divests all of the grantor's rights in the property).  Plaintiffs fail to state a claim for false imprisonment and this claim is required to be dismissed.

      5.    Unjust Enrichment

A claim of unjust enrichment under Georgia law only may arise in circumstances where there is not a contract and a party has received a benefit from another party for which it ought to return the benefit or pay compensation for it. Engram v. Engram, 463 S.E.2d 12, 15 (Ga. 1995) ("Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for.") (citations and punctuation omitted); see also Tuvim v. United Jewish Comms., Inc., 680 S.E.2d 827, 829-30 (Ga. 2009).  Where a security deed is valid and controlling in a foreclosure action, a party being foreclosed upon may not seek relief based on an unjust enrichment claim.  See Arko v. Cirou, 700 S.E.2d

604, 608 (Ga. Ct. App. 2010); Donchi, Inc. v. Robdol, LLC, 640 S.E.2d 719, 724 (Ga. Ct. App. 2007).

This is a foreclosure action arising from the Security Deed which Xie executed. This is not a case in which a contract is involved. Plaintiffs fail to state a claim for unjust enrichment and this claim is required to be dismissed.

6.      Punitive Damages

Plaintiffs assert that they are entitled to an award of punitive damages. "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A . § 51-12-5.1(b). "Punitive damages cannot be awarded in the absence of any finding of compensatory damages." Martin v. Martin, 600 S.E.2d 682, 683 (Ga. Ct. App. 2004). Because Plaintiffs have failed to state any viable claims upon which punitive damage may be awarded, Plaintiffs cannot succeed on their claim for punitive damages, and this claim is required to be dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings [4] is **GRANTED**.  This action is **DISMISSED**.

**SO ORDERED** this 24th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE